UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
TOMMY W. RICE, :
: CASE NO. 5:05-CR-00042
Petitioner :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 81]
UNITED STATES OF AMERICA, :
:
Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Tommy W. Rice moves *pro se* under Fed. R. Civ. P. 59(e) to amend the Court's prior order denying Rice's petition to vacate his sentence under 28 U.S.C. § 2255. [Doc. 80.]

Akron police officers were dispatched to a hotel because a man—later identified as Tommy Rice—had locked himself inside two connected rooms and was refusing the hotel's request to vacate. After the police arrived, Rice threw a duffel bag and a backpack off the balcony and into the street below. The bags contained a large quantity of cocain, some marijuana, three scales, $60,000 in cash, clothing items, and three certified letters addressed to Rice. Eventually, Rice exited the hotel room, smoking a marijuana cigarette, and was immediately arrested.

A jury convicted Rice of possessing cocaine with intent to distribute. The Sixth Circuit denied Rice's direct appeal, the United States Supreme Court denied certiorari, and this Court denied Rice's habeas petition. [Doc. 63; Doc. 67 at 2; Doc. 80.] Rice now moves for reconsideration of the

-1-

Case No. 5:05-CR-00042
Gwin, J.

Court's order based on claims that the Court misapplied the law and overlooked pertinent facts. [Doc. 81.] Because Rice has failed to establish sufficient grounds for reconsideration, the Court **DENIES** Rice's motion. The Court will, however, briefly revisit Rice's arguments for purposes of clarity.

A court may grant a motion to amend or alter judgment (1) to correct a clear error of law, (2) to address newly discovered evidence, (3) to address an interviewing change in controlling law, or (4) to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rice does not raise any new substantive arguments. Instead, he reiterates arguments that the Court has already considered and denied.

First, Rice argues that there was a change in the "law of the case" relating to the time at which Rice was seized and whether exigent circumstances existed to justify a warrantless search of Rice's hotel room. [Doc. 81 at 3, 7.] Rice says that the Court's habeas opinion found that Rice was "constructively seized" at 7:06 pm, in contradiction with the findings made at the suppression hearing or at trial. [Doc. 81 at 4.] However, both the Court and Magistrate Judge Gallas's report and recommendation merely found that *even if* Rice was seized at 7:06 pm, exigent circumstances existed at that time to justify the warrantless arrest: "Assuming that there had been a constructive entry when the police SWAT team arrived at 7:06 pm, . . . exigent circumstances were present . . . ." [Doc. 76 at 20; Doc. 80 at 6.]

Second, Rice argues that this Court misinterpreted his arguments related to his counsel's failure to investigate potential suspects and witnesses in preparation for trial. [Doc. 81 at 11.] Rice states that the Court analyzed this argument under the standard for tactical decisions related to trial strategy instead of looking at the failure of Rice's counsel to investigate those individuals.

Case No. 5:05-CR-00042
Gwin, J.

A less deferential standard applies to allegations involving a failure to investigate. *Strickland v. Washington*, 466 U.S. 668, 690, 691 (1984) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; . . . . [But], counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."). However, the Court found that counsel acted reasonably in not investigating attorney Donald Walker because, at the time of the case, counsel had no reason to investigate. Rice alleges that he provided counsel with information about the nature of Walker's involvement in the crime. [Doc. 81 at 11-13.] However, Rice's counsel has explicitly stated otherwise: "I was **never** told by **any** witness that Attorney Walker was in the hotel room or had anything to do with either bag . . . ." [Doc. 72-1 at 3] (emphasis in original). Moreover, the police had already rejected Walker as a suspect and there was no real discussion about Walker's potential involvement, either from Rice or other potential witnesses. [Doc. 80 at 7; Doc. 72-1 at 3-5; Doc. 76 at 33-34.]

Likewise, counsel made sufficient attempts to contact both Carla Thomas and Shannah Garrett. Upon failing to discover anything of particular significance about these two relating to Rice's defense, counsel made the reasonable decision not to pursue further investigation. *See Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003) ("[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying heavy measure of deference to counsel's judgements."). Moreover, there is no evidence that Garrett informed counsel that she could provide exculpatory testimony. It seems highly unlikely that Garrett, Rice's girlfriend at the time, would keep this a secret.

The same rationale holds true for Avondi Rice, Petitioner Rice's uncle, who gave two

-3-

Case No. 5:05-CR-00042
Gwin, J.

conflicting stories, one of which was exculpatory. Counsel determined that Avondi's testimony was easily impeachable and chose not to call him as a witness. [Doc. 72-1 at 5.] In counsel's opinion, the exculpatory nature of Avondi's testimony did not outweigh the risks of harm that impeachment would cause to Rice's overall defense. [Doc. 72-1 at 5.] This trial strategy, of course, is "virtually unchallengeable." *Strickland*, 466 U.S. at 691.

Third, Rice alleges that the Court mischaracterized his argument that counsel should have objected at trial to the Government's attempt to connect clothing wrappers found inside Rice's hotel room to like clothing items found in the duffel bags. Under *Strickland,* a court must analyze whether counsel's failure to object to testimony, in light of all the circumstances, is outside the range of professionally competent assistance. *Regano v. United States*, Nos. 4:06CV3091, 4:05CR00437, 2008 WL 1787077, at *4 (N.D .Ohio Apr. 17, 2008) (citing *Strickland,* 466 U.S. at 688). Because Rice's connection to the bags was so obvious, counsel decided not to draw further attention to the matter because "a reasonable juror might make such a connection and that to ridicule or deny any connection would hurt Rice's case. In my professional experience I felt it best to avoid any comment." [Doc. 72-1 at 7.] This tactical decision was not unreasonable. Nor was it prejudicial—there was substantial evidence at trial to allow the jury to connect the clothing to the wrappers and the duffle bags to Rice.

Fourth, Rice alleges that counsel failed to properly advise him on the sentencing guidelines. [Doc. 81 at 21.] Rice points to a short reference in the sentencing transcript wherein counsel voices Rice's objection to a sentencing enhancement. [Doc. 81 at 20.] Rice, however, ignores the large portions of the record that establish he was well-aware of the potential punishment. Indeed, Rice's sentencing exposure was discussed in open court in his presence. [Doc. 76 at 39-40.]

Case No. 5:05-CR-00042
Gwin, J.

Fifth, Rice says that counsel broke promises related to calling certain witnesses during trial such that he was unable to make an informed decision about the plea offer. As discussed above, a deferential standard is applied to counsel's decisions on trial strategy, including whether or not to call witnesses. *Goldsby v. United States*, 152 Fed. App'x 431, 436 (6th Cir. 2005). A trial attorney may, and should, re-evaluate witnesses in light of the potential benefit or hindrance to a client's case. Counsel examined those witnesses at trial that gave Rice the best chance of success, and those witnesses provided testimony on Rice's behalf. [Doc. 72-1 at 5.] Moreover, the Court finds no evidence to support Rice's allegations that counsel made certain promises to call some (or all) witnesses, or that those decisions were made without Rice's knowledge and input.

Finally, Rice argues that counsel should have conducted additional investigation into the contents of the backpack found outside the hotel room which, according to Rice, contained "the most damaging and direct evidence." [Doc. 81 at 24.] Rice, however, does not suggest how further investigation would have provided counsel with any plausible argument that was not already presented at trial. The contents of both the duffel bag and backpack were damaging to Rice's case. Try as he might, Rice cannot avoid the unfavorable inferences drawn from these items.

Thus, because Rice's conviction and sentence are supported by the record and there has been no prejudicial error warranting relief, the Court declines Rice's invitation to amend its prior rulings or conduct an evidentiary hearing.[1]

---

[1] An evidentiary hearing is not required if "the record conclusively shows that the petitioner is entitled to no relief." *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). When, as here, the judge considering a motion for relief also presided over the trial, "the judge may rely on his or her recollections of the trial in making a determination on that motion." *Id.* (citing *Blanton*, 94 F.3d at 235). Because Rice's unsupported allegations are contradicted by the record and the Court's recollection, the Court will not hold an evidentiary hearing.

Case No. 5:05-CR-00042
Gwin, J.

For these reasons, the Court **DENIES** the Petitioner's motion and in so doing reaffirms its prior opinion and order. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the Court's order could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Rice has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated: April 4, 2011                    s/     *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE