```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------
:
UNITED STATES OF AMERICA,        :     CASE NO. 5:05-CR-00042-JG-1
:
       Plaintiff-Respondent,    :
:     OPINION & ORDER
v.                               :     [Resolving Docs. No. 92.]
:
TOMMY W. RICE,                   :
:
       Defendant-Petitioner.    :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In August 2010, this Court denied *pro se* Petitioner Tommy Rice's 28 U.S.C. § 2255 motion.[1] Now Rice moves this Court for relief from that judgement under Federal Rule of Civil Procedure 60(b).[2] He says this Court erred when it: (1) failed to address his ineffective assistance of counsel claim on the merits and (2) failed to grant him an evidentiary hearing. Because Rice's motion is properly construed as a successive petition, the Court **TRANSFERS** the motion to the United States Court of Appeals for the Sixth Circuit.

## I. Background

      This Court's previous orders explain the procedural background of this case in greater detail.[3] In April 2005, a jury found Rice guilty of one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).[4] The Sixth Circuit affirmed Rice's conviction.[5]

---

    [1] Doc. 80.
    [2] Doc. 92.
    [3] Docs. 80, 88.
    [4] Doc. 38.
    [5] Doc. 64.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

UNITED STATES OF AMERICA,  :  CASE NO. 5:05-CR-00042-JG-1

    Plaintiff-Respondent,

    OPINION & ORDER

v.  :  [Resolving Docs. No. 92.]

TOMMY W. RICE,

    Defendant-Petitioner.

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    In August 2010, this Court denied *pro se* Petitioner Tommy Rice's 28 U.S.C. § 2255 motion.[1] Now Rice moves this Court for relief from that judgement under Federal Rule of Civil Procedure 60(b).[2] He says this Court erred when it: (1) failed to address his ineffective assistance of counsel claim on the merits and (2) failed to grant him an evidentiary hearing. Because Rice's motion is properly construed as a successive petition, the Court **TRANSFERS** the motion to the United States Court of Appeals for the Sixth Circuit.

## I. Background

    This Court's previous orders explain the procedural background of this case in greater detail.[3] In April 2005, a jury found Rice guilty of one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).[4] The Sixth Circuit affirmed Rice's conviction.[5]

---

[1] Doc. 80.
[2] Doc. 92.
[3] Docs. 80, 88.
[4] Doc. 38.
[5] Doc. 64.

Case No. 5:05-CR-00042-JG-1
Gwin, J.

Rice then brought a *habeas corpus* motion under 28 U.S.C. § 2255.[6] This Court denied that motion,[7] and the Sixth Circuit denied Rice's application for a certificate of appealability[8]. Rice then petitioned for rehearing en banc, and the Sixth Circuit denied that petition. Now, Rice moves for relief under Rule 60(b) from this Court's denial of his § 2255 motion.

## II. Legal Standard

"[A] Rule 60(b) motion is a second or successive habeas petition when it 'seeks vindication of' or 'advances' one or more 'claims.'"[9] Such a motion is not a successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[10] The Sixth Circuit has said that "[w]hen a 60(b) motion attacks the merits of a conviction or sentence, or if it attacks the federal court's previous resolution of a claim on the merits, it should be construed as a habeas petition."[11] A Rule 60 motion is not a successive petition if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[12]

## III. Law & Analysis

Rice's Rule 60(b) motion attacks this Court's and the Sixth Circuit's previous resolution of his claims on the merits. First, Rice says that the Court erred when it did not reach the merits of his

---

[6] Doc. 67.
[7] Doc. 80.
[8] Doc. 91.
[9] *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)).
[10] *Gonzalez*, 545 U.S. at 532.
[11] *United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007) (quotation omitted).
[12] *Gonzalez*, 545 U.S. at 532.

Case No. 5:05-CR-00042-JG-1
Gwin, J.

ineffective assistance of counsel claims—based on his attorney's failure to raise certain Fourth Amendment arguments—because the Sixth Circuit dismissed those arguments on direct appeal.[13] Rice says his attorney failed to argue that the police constructively arrested him and no exigent circumstances existed that could justify his arrest.[14]

But, the Sixth Circuit and this Court considered those claims on the merits. The Sixth Circuit said that the police had probable cause to arrest Rice for criminal trespass and that exigent circumstances existed justifying the police entry into the hotel room."[15] This Court said that the Sixth Circuit's "finding of probable cause [for Rice's arrest] . . . was clearly supported by the undisputed facts."[16] Moreover, it found that "exigent circumstances existed" because the "police reasonably believed that Rice posed a threat to them."[17] Thus, Rice is attempting only to relitigate the same issues this Court and the Sixth Circuit already considered.

Second, Rice says this Court erred by failing to grant him an "evidentiary hearing on [his] failure to investigate claim."[18] Specifically, Rice says the Court should have granted him an evidentiary hearing to bolster his ineffective assistance of counsel claims based on his attorney's failure to investigate and contact certain witnesses.[19] But, courts are not required to conduct an evidentiary hearing if the record "conclusively shows that the petitioner is entitled to no relief."[20] Here, the Court found that Rice could not obtain relief because he could not show that his attorney's

---

[13] Doc. 92 at 6.
[14] Doc. 92 at 6.
[15] Doc. 91 at 4.
[16] Doc. 80 at 5.
[17] Doc. 80 at 6.
[18] Doc. 92 at 10.
[19] Doc. 92 at 10.
[20] *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation marks and citations omitted).

Case No. 5:05-CR-00042-JG-1
Gwin, J.

failure to investigate or call these witnesses constituted deficient performance.[21] For each witness, the Sixth Circuit agreed with the Court's findings.[22] Rice's Rule 60 motion merely reasserts the value of the witnesses' testimony. He fails to argue any defect in the proceedings, except that he disagrees with this Court's conclusions. Thus, Rice is attacking this Court's previous resolution of his claim on the merits.

Third, Rice says the Court erred by failing to grant him an evidentiary hearing on whether the Government presented false testimony regarding clothing found in a duffel bag.[23] Rice says this Court failed to consider the merits of whether the testimony was false because his attorney failed to object. But again, this Court and the Sixth Circuit have already considered this claim and dismissed it. The Court said that "Rice's connection to the bags was so obvious [that Rice's counsel] decided not to draw further attention to the matter."[24] That tactical decision "was not unreasonable," nor "was it prejudicial."[25] The Sixth Circuit affirmed: "Because Rice's connection to the backpack was obvious, Rice cannot show that he was prejudiced by defense counsel's strategy not to draw the jury's attention to even more evidence of Rice's ownership of the backpack."[26] Thus, Rice has failed to argue any defect in the habeas proceeding besides his disagreement with this Court's and the Sixth Circuit's rulings.

Fourth, Rice says the Court erred because it denied him an evidentiary hearing that could have

---

[21] Doc. 80 at 7 (Donald Walker); Doc. 80 at 8-9 (Avondi Rice); Doc. 80 at 10-11 (Carla Thomas); Doc. 80 at 11-12 (Shannah Garrett).
[22] Doc. 91 at 4 (Donald Walker); Doc. 91 at 4 (Avondi Rice); Doc. 91 at 4 (Carla Thomas); Doc. 91 at 4 (Shannah Garrett).
[23] Doc. 92 at 16-17.
[24] Doc. 88 at 4.
[25] Doc. 88 at 4.
[26] Doc. 91 at 5.

Case No. 5:05-CR-00042-JG-1
Gwin, J.

bolstered his ineffective assistance claim during his sentencing.[27] Rice says that his counsel erroneously told him that he did not qualify for any statutory or guidelines enhancements.[28] But this Court and the Sixth Circuit already considered this claim. The Court said that "Rice . . . ignore[d] the large portions of the record that establish[ed that] he was well-aware of the potential punishment. Indeed, Rice's sentencing exposure was discussed in open court in his presence."[29] The Sixth Circuit agreed: "the record reveals that [Rice] was well aware of the potential punishment."[30] Thus, Rice merely attempts to relitigate issues this Court and the Sixth Circuit have already decided.

Fifth, Rice says the Court erred because it did not grant him an evidentiary hearing on his ineffective assistance claim that his attorney made promises to call certain witnesses, yet failed to keep those promises.[31] But again, Rice attempts to relitigate an issue this Court and the Sixth Circuit have already decided. This Court said that it found "no evidence to support Rice's allegations that counsel made certain promises to call some (or all) witnesses, or that those decisions were made without Rice's knowledge and input."[32] But even if Rice's attorney made the promise, the Court found that Rice's attorney's decision not to call the witnesses deserved deference as trial strategy.[33] The Sixth Circuit agreed: "the district court did not find, nor does the record reveal, any evidence to support Rice's contention that trial counsel promised to call some, or all, of the witnesses that Rice desired."[34] While Rice may disagree with this Court's conclusions, he cannot now relitigate claims

---

[27] Doc. 92 at 17.
[28] Doc. 92 at 17.
[29] Doc. 88 at 4.
[30] Doc. 91 at 5.
[31] Doc. 92 at 17-19.
[32] Doc. 88 at 5.
[33] Doc. 88 at 5.
[34] Doc. 91 at 5.

Case No. 5:05-CR-00042-JG-1
Gwin, J.

this Court and the Sixth Circuit previously considered.

The proper course, then, is to transfer Rice's motion to the Sixth Circuit.[35] Accordingly, the Court **TRANSFERS** Rice's motion to the Sixth Circuit.

IT IS SO ORDERED.


Dated: June 18, 2013                  s/ *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[35] *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) ("[W]e hold that when . . . a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought.").