UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TOMMY W. RICE,

    Defendant.

:
:
:
:
:
:
:
:
:
:
:

CASE NO. 5:05-cr-00042

ORDER
[Resolving Docs. 103 & 107]

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Tommy Rice moves for compassionate release under 18 U.S.C. § 3582.[1]

He argues the Court should reduce his sentence to time served due to COVID-19 risks.[2]

The Government opposes.[3] Rice replies.[4]

For the reasons stated below, the Court **GRANTS** Rice's motion.

### I.    Background

On April 12, 2005, a jury found Defendant Rice guilty of one count of possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).[5]

On July 19, 2005, this Court sentenced Rice to 240-months imprisonment.[6] The Court further required ten years of supervised release with both standard and special conditions.[7]

---

[1] Doc. 103; Doc. 107.
[2] Doc. 103 at 2; Doc. 107 at 3.
[3] Doc. 111.
[4] Doc. 112.
[5] Doc. 7; Doc. 38.
[6] Doc. 46.
[7] *Id.* Along with standard conditions, Defendant Rice must participate in an outpatient drug

Case No. 5:05-cr-00042
Gwin, J.

## II. Discussion

Rice moves for compassionate release.[8] He argues that his health conditions—asthma, obesity, and Crohn's disease—make him especially vulnerable to negative impacts of COVID-19 if exposed to the virus.[9] He also argues that he has made rehabilitative efforts while incarcerated and that he has some promising release possibilities with his father and his sister.[10] The Government opposes.[11]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[12] On April 15, 2020, Rice requested compassionate release from his prison warden.[13] On June 25, 2020, the warden denied Rice's request.[14]

Because 30 days passed since Rice filed his administrative request, he has satisfied the exhaustion requirement.[15]

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[16] The Court must also

---

treatment program and submit his person and belongings, such as residence and vehicle, to a warrantless search based upon reasonable suspicion of contraband. *Id.*
[8] Doc. 103; Doc 107.
[9] Doc. 103 at 2; Doc 107 at 3.
[10] Doc 107 at 6.
[11] Doc. 111.
[12] 18 U.S.C. § 3582(c)(1)(A)(i).
[13] Doc 107 at 7; Doc 111-2.
[14] Doc 111-2.
[15] *Id.*; Doc 111 at 4.
[16] 18 U.S.C. § 3582(a)(1)(A). Rice's compassionate release motion implicates the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1. The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other

-2-

Case No. 5:05-cr-00042
Gwin, J.

consider the sentencing factors set forth in 18 U.S.C. § 3553.[17]

Rice's circumstances present "extraordinary and compelling" reasons that warrant compassionate release.[18] Rice is likely obese and has a history of asthma.[19] Both conditions make him particularly susceptible to complications if he contracts the COVID-19 virus.[20] Therefore, Rice is at high risk of severe illness if the virus spreads at his detention center.[21]

Granting compassionate release also accords with the 18 U.S.C. § 3553 sentencing factors. Rice has served the overwhelming majority of his sentence. Although Rice has a criminal history that includes one violent crime,[22] Rice states he made rehabilitative efforts

---

than, or in combination with, the reasons described" in the first three categories exists. USSG § 1B1.13 cmt. n.1. However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." United States v. Brown, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019) (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." Id. (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. United States v. Rodriguez, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

[17] Id.

[18] Commentary to FSG § 1B1.13.

[19] As the Government argues, Rice's medical records do not make it clear whether Rice has a diagnosis of obesity. But according to his records, as of July 29, 2020, Rice weighs 212.6 pounds and is a little over 5 feet and 9 inches tall. Doc. 111-4 at 1; Doc. 107-1 at 1-2, 4. According to the CDC body mass index calculator, Rice's weight places him in the "Obese category" for adults of his height. Adult BMI Calculator, CDC, (July 6, 2020)
https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html

[20] People with Certain Medical Conditions, CDC (July 30, 2020),
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (recognizing people with obesity are at "an increased risk of severe illness from COVID-19" and those with moderate to severe asthma "may be at increased risk for severe illness from COVID-19.")

[21] Rice's detention center detention center has no active cases of COVID-19 virus but has at least one previous case. Covid-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 12, 2020).

[22] Doc. 111-1 at 8-13.

Case No. 5:05-cr-00042
Gwin, J.

while incarcerated.[23] He states he participated in a drug-treatment program.[24] Finally, Rice maintains that, upon release, he could live with either his father or sister and immediately begin work for his father's cleaning service.[25]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Rice's compassionate release motion. The Court reduces Rice's sentence to time served. Rice's term of supervised release remains at 10 years, and he is otherwise subject to the terms of the most recent judgment.[26]

The Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Rice is COVID-19-free prior to his release.

IT IS SO ORDERED.

Dated: September 17, 2020            *s/        James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[23] *Pepper v. United States*, 562 U.S. 476, 490 (2011) (holding that, during resentencing, a defendant's rehabilitative efforts are proper for consideration under § 3553)
[24] Doc. 103 at 1.
[25] Doc. 107 at 6.

-4-